IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TAMMY BESS, et al.,

          Plaintiffs,

v.                           CIVIL ACTION NO. 2:08-cv-01020

KANAWHA COUNTY BOARD OF EDUCATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion to Amend Complaint [Docket 28]. By their Motion, the plaintiffs seek to amend Count II, which alleges a "violation of statutes" by the defendants. The plaintiffs assert that a clerical error was made in identifying the cause of action and that they should be permitted to rectify that error. As explained below, the Motion is **DENIED**.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after time for amendment as a matter of course has passed, leave of the court must be obtained to amend a pleading. The Rule states that "[t]he court should freely give leave when justice so requires." Leave to amend is not required, however, when amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Here, amendment would be futile because the proposed amendment lacks merit. The plaintiffs seek to amend Count II to assert that "Plaintiffs are persons injured by Defendants' violation of statutes, including but not limited to the Defendants violation of WV Code §18-8-7 (inducing or attempting to induce Plaintiff Doe to unlawfully absent himself from school), and WV

§61-2-9 for assault and battery, and they may recover under WV Code §55-7-9." (Proposed Amend. Compl. ¶ 30.) The only difference between Count II in the Complaint and Count II in the proposed Amended Complaint is that, instead of seeking recovery under W. Va. Code section 55-7-10 (which has nothing to do with this case), the plaintiffs seek to recover under section 55-7-9.

Section 55-7-9 of the West Virginia Code provides, in pertinent part, that "[a]ny person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation." There appear to be two parts to the plaintiffs' "violation of statutes" claim. First, the plaintiffs assert that the defendants assaulted and battered Doe, in violation of W. Va. Code 61-2-9, and that the defendants are therefore liable under section 55-7-9. This issue was dealt with in my September 17, 2009 Memorandum Opinion and Order, and I need not revisit it now.

Second, the plaintiffs assert that the defendants induced or attempted to induce Doe to absent himself from school, which violated W. Va. Code section 18-8-7. This is based on the allegation that the defendants sent notes home to Ms. Bess permitting her to keep Doe home on certain days when they would be unable to devote proper attention to him. By inducing Doe to violate that statute, the plaintiffs maintain, the defendants are liable under section 55-7-9. This too, however, lacks merit. A violation of section 18-8-7 requires that the student be induced to "unlawfully" absent himself from school. Here, the notes were sent by Doe's teachers and allowed him to remain home on select days. Rather than being "unlawful," Doe's absences were authorized. This claim thus lacks merit and amendment of Count II would be futile.

The plaintiffs' Motion to Amend Complaint [Docket 28] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:

November 3, 2009

Joseph R. Goodwin, Chief Judge